324 P.2d 326]

[Civ. No. 18025.   First Dist., Div. One.   Apr. 17, 1958.]

SAMUEL LANDI et al., Petitioners, v. SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; LAS LOMITAS SCHOOL DISTRICT, Real Party in Interest.

Christin & Davis for Petitioners.

Keith C. Sorenson, District Attorney, and Howard E. Gawthrop, Deputy District Attorney, for Respondents.

Edmund G. Brown, Attorney General and Richard H. Perry, Deputy Attorney General, as Amici Curiae on behalf of Respondents.

BRAY, J.—Petitioners seek a writ of prohibition to restrain the Superior Court of San Mateo County from proceeding in an action in eminent domain now pending in that court, brought by Las Lomitas School District, an elementary school district in San Mateo County, against petitioners, to condemn for school purposes certain real property in the Town of Atherton owned by petitioners.

QUESTION PRESENTED

Do the zoning ordinances of the town of Atherton control the right of a school district to acquire land to enlarge the district's school premises within the corporate limits of the town?

FACTS

The facts in this case are similar to those in *Town of Atherton* v. *Superior Court, ante,* p. 417 [324 P.2d 328].* The principal difference is that the Las Lomitas School District,

---

*Argued and submitted with this proceeding and this day decided. See that opinion for more detail of the ordinances involved.

real party in interest here, already owns and maintains a public school in the town of Atherton. The school district includes a portion of the town of Atherton. Desirous of enlarging that school, it instituted an action to condemn one acre of land in the town of Atherton belonging to petitioners. Prior to the date upon which the district commenced the proceedings leading up to the filing of the condemnation action the town of Atherton adopted ordinance Number 146 as amended for the zoning of public buildings including schools. The district, pursuant to that ordinance, applied for a use permit on the one acre above mentioned. This was denied. The district then filed its action in eminent domain. Thereafter, pursuant to section 65806, Government Code, Atherton adopted as an emergency measure ordinance Number 225, a temporary interim zoning ordinance, which prohibited during the interim in which Atherton intended to take the necessary measures to adopt a master zoning plan, any use which conflicted with the provisions of the ordinance. If valid, ordinances Numbers 225 and 146 would prohibit the enlargement of the grounds of the school now operated by said district in Atherton.

OPINION

As all of the issues raised herein were raised and are identical with those raised in the Town of Atherton case, *supra,* we deem it unnecessary to discuss them further here.

Upon the authority of that case, the alternative writ is discharged and the petition for a peremptory writ is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.